IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| BOBBIE LEE NEW, | ) | CASE NO. 1:17-CV-02704 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN DAVE MARQUIS, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent, | ) | |

**Introduction**

Before me[1] is the petition of Bobby Lee New for a writ of habeas corpus under 28 U.S.C. § 2254.[2] After a jury trial in 2015 New was convicted of a murder committed in 1976 and was sentenced by the Lorain County Common Pleas Court to a term of fifteen years to life.[3] He is currently incarcerated by the State of Ohio pursuant to that conviction and sentence at the Richland Correctional Institution.[4]

---

[1] The matter was referred to me pursuant to Local Rule 72.2 by United States District Judge James S. Gwin in a non-document order entered on January 2, 2018.
[2] ECF No. 1.
[3] ECF No. 6 at 2-9.
[4] See https;//www.drc.ohio.gov/offendersearch

1

In his petition for federal habeas relief New, through counsel, raises the single issue that bringing him to trial more than 35 years after the offense occurred violated Sixth and Fourteenth Amendment protections against pre-indictment delay.[5] The State, in its return of the writ, argues that the Ohio appeals court decision which found no impermissible pre-indictment delay was not an unreasonable application of clearly established federal law.[6] New, in his traverse, as amended, contends that the state appellate court improperly ignored the finding of the trial court that a 35-year delay was so prejudicial to New that he could not now receive a fair trial and instead reweighed the factors to conclude that any prejudice to New was outweighed by good reasons for the delay in prosecution.[7]

For the following reasons I will recommend that New's petition be denied in part on the merits because the decision of the Ohio appeals court was not an unreasonable application of clearly established federal law and also dismissed in part as non-cognizable because his claims involve issues of state law reserved for the state courts.

## Facts

The relevant facts are not disputed and are simply stated.

*Underlying offense, trial and sentence*

---

[5] ECF No. 1 at 18-19.
[6] ECF No. 6 at 13.
[7] ECF No. 18 at 2.

Dorothy Spencer was found dead of a gunshot wound to the head in her Camden Township mobile home on March 17, 1976.[8] At the time of her death Ms. Spencer had been living for two years with New, who himself was married to another woman but estranged from her.[9] From the start of the investigation, New was the primary suspect in the shooting of Ms. Spencer. But when the Grand Jury considered the case in 1976, it returned no indictment; and the State declared the investigation a cold case in 2010.[10]

Later in 2010, Perry Strader, the son of New's sister and brother-in-law, contacted the sheriff's department offering to provide new information.[11] Perry, who as a minor in 1976 did not testify before the grand jury, told authorities in 2010 that, contrary to his parents' testimony to the grand jury, New had been with his parents that evening and had told them he had "slapped [Ms. Spencer] around," eventually killing her.[12] He further told them that even if he had testified to the grand jury in 1976, he would not have told them what he knew so as to "protect the family."[13] He said he had waited until both his parents had died before approaching the sheriff with his information since he knew his parents had perjured themselves in 1976 before the grand jury.[14]

---

[8] ECF No. 6 at 2 (quoting the decision of the Ohio appeals court). Factual findings of the state appellate court are presumed correct by the federal habeas court. 28 U.S.C. § 2254 (e); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 4.
[13] *Id.*
[14] *Id.*

3

After the authorities received this information from Strader in 2010, the prosecution presented it to the Grand Jury, which this time indicted New on one count of murder.[15] New then moved to dismiss the indictment on the basis of prejudice from long delay between the offense and the indictment.[16] The trial court granted New's motion and dismissed the charge, but the State appealed, arguing that the 35-year delay was justified.[17]

The Ohio appeals court agreed with the State and reversed the trial court's decision and remanded the matter, stating:

> This Court finds that the trial court erred when it found that [Perry Strader] was not a "unavailable" witness in 1976 and that New could have been prosecuted and convicted in 1976 using the same evidence that was available to prosecutors at that time. Accordingly, the trial court erred in finding that the State did not justify the reason for the 35-year delay in indicting New.[18]

After New failed to reverse the appellate court's judgment in the Supreme Court of Ohio,[19] the trial court again assumed jurisdiction under the remand.[20] New then moved the trial court to again consider the issue of pre-indictment delay, which the court denied.[21]

New also moved to dismiss the indictment because of spoliation of evidence, claiming that because the police failed to keep full information on witnesses they interviewed, a witness identified only as "Butch" – who was a potential alibi witness for

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] Id.
[20] *Id.*
[21] *Id.* at 5.

4

New – could not now be contacted since no last name appeared in the file.[22] The trial court also denied this motion, reasoning that Butch's testimony would be cumulative because other witnesses would testify to the same facts and that there was no bad faith in the decision not to keep last names of witnesses interviewed.[23]

After a four-day jury trial, New was found guilty of murder.[24] New elected to be sentenced under the sentencing statute that was in effect at the time of the underlying offense and, on March 3, 2015, the trial court imposed a sentence of fifteen years to life.[25]

## Direct Appeal From Conviction

*Appeals court*

On March 27, 2015, New, through counsel[26] timely[27] filed a notice of appeal with the Ohio appeals court.[28] In his merit brief New raised the following four assignments of error:

> 1. The lower court erred and denied the appellant due process of law under the Fourteenth Amendment to the United States Constitution when it failed to conduct the required weighing of prejudice and determine that the appellant's prosecution should be barred due to pre-indictment delay.

---

[22] *Id.*
[23] *Id.*
[24] *Id.* at 9.
[25] *Id.*
[26] New was represented at trial by Gerald Smith (ECF No. 6, Attachment 1 at 261) and on direct appeal before the Ohio appeals court and the Ohio Supreme Court by Robert A. Dixon (*id.* at 264, 364), who is also counsel on this federal habeas petition. ECF No. 1.
[27] An appeal must be filed within 30 days of the entry of the judgment or order being appealed. Rule 4(a) Ohio Rules of Appellate Procedure. As noted, the conviction and sentence were journalized on March 3, 2015 and the notice of appeal filed on March 27.
[28] ECF No. 6, Attachment 1 at 264.

> 2. The appellant was denied due process of law and a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution due to spoliation of exculpatory evidence occasioned by pre-indictment delay.
>
> 3. The appellant was denied due process of law as the verdict and judgment were based on legally insufficient evidence.
>
> 4. The appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.[29]

The State filed a brief in opposition.[30] On November 14, 2016, the appellate court overruled all of New's assignments of error and affirmed the judgment of the trial court.[31]

*Supreme Court of Ohio*

On January 5, 2017, New, through counsel, filed[32] a notice of appeal with the Supreme Court of Ohio.[33] In the memorandum in support of jurisdiction New asserted the following single proposition of law:

> After a defendant has demonstrated prejudice as a result of pre-indictment delay, the prosecution must demonstrate a justification for the delay that is both reasonable and outweighs the prejudice to the defendant.[34]

---

[29] *Id*. at 272.
[30] *Id*. at 310.
[31] *Id*. at 348.
[32] Under Ohio law an appeal must be filed in the Supreme Court of Ohio within forty-five days of the final decision of the appellate court. Ohio Sup. Ct. R. II §2(A)(1)(a). Here, the notice of appeal appears to have been filed 52 days after the entry of judgment by the appeals court. The record does not show that permission was obtained for filing late nor does it show that the Ohio Supreme Court considered this to be a late filing.
[33] ECF No. 6, Attachment at 364.
[34] *Id*. at 384.

The State filed a memorandum in opposition.[35] On July 26, 2017, the Supreme Court of Ohio dismissed the appeal, declining jurisdiction.[36]

### Federal Habeas Petition

On December 28, 2017, New, through counsel, filed the present petition for federal habeas relief.[37] New alleges one ground for relief:

> Ground One: Petitioner Bobbie New was subjected to trial more than 35 years after his alleged offense despite a finding by the trial court that he had suffered unsurmountable prejudice by the pre-indictment delay that occurred in the interim. This violated established United States Supreme Court precedent recognizing that the Sixth and Fourteenth Amendments to the United States Constitution protect a defendant against pre-indictment delay.[38]

The State filed a return of the writ arguing first that any claim founded on a Sixth Amendment right to due process is non-cognizable inasmuch as pre-indictment delay is "wholly irrelevant" to the speedy trial provisions of the Sixth Amendment.[39] Further, the State contends that while a delay indisputably occurred between the offense and the indictment, prejudice from delay alone does not suffice to create a violation of the Fifth Amendment.[40] Rather, the due process inquiry must also consider the reason for the delay as well and weigh the reason against the prejudice.[41] Finally, the State maintains that the

---

[35] *Id.* at 396.
[36] *Id.* at 414.
[37] ECF No. 1.
[38] *Id.* at 18-19.
[39] ECF No. 6 at 13-14 (citing *United States v. Lovasco*, 431 U.S. 783 (1977)).
[40] *Id.* at 15 (citing *Lovasco*, 431 U.S. at 790).
[41] *Id.* (citing *Lovasco*, 431 U.S. at 790).

decision of the Ohio appeals court here was neither contrary to nor an unreasonable application of clearly established federal law.[42]

New filed a traverse,[43] which he amended to include additional portions of the record.[44] Essentially, New does not contest the State's view of the relevant, applicable law, but contends that only the trial court actually weighed the undisputed prejudice against the prosecution's reason for the delay before concluding that the prejudice outweighed the reason.[45] He asserts that the appellant court "ignored" the "factual finding" of prosecutorial negligence by the trial court and further "ended its inquiry without weighing the prejudice to New on the one hand against the reasons for delay on the other."[46]

In New's analysis, only the trial court conducted the required weighing of prejudice and reason for delay before concluding that the reason given for the delay did not override the prejudice established.[47] He further maintains that the trial court's "factual finding" that prosecutorial negligence is responsible for the delay and should here be afforded the presumption of correctness.[48]

---

[42] *Id*. at 16-23.
[43] ECF No. 13.
[44] ECF No. 18. New also supplemented the record to include additional material from the trial. ECF No. 17.
[45] ECF No. 13 at 2.
[46] *Id*.
[47] *Id*. at 2-3.
[48] *Id*. at 11-13.

## Analysis

*Preliminary observations*

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that New is currently in custody as a result of his conviction and sentence by an Ohio court and that he was so incarcerated the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute.[49]

2. There is also no dispute, as detailed above, that New timely filed this petition.[50]

3. In addition, New states,[51] and my own review of this Court's docket confirms, that this petition is not a second or successive petition for habeas relief relating to this conviction and sentence.[52]

4. Moreover, it appears that these claims have been totally exhausted in the Ohio courts by reason of having been presented through one full round of Ohio's established appellate review procedure.[53]

---

[49] 28 U.S.C. § 2254(a).
[50] 28 U.S.C. § 2254(d)(1).
[51] ECF No. 1 at 13.
[52] 28 U.S.C. § 2254(b).
[53] *Id*.

9

5.      Finally, New has neither requested the appointment of counsel[54] nor an evidentiary hearing.[55]

*Discussion*

The relevant issue here is narrow. Both New and the State agree that prejudice arose when 35 years elapse between the offense and the indictment. Both also agree that the trial judge weighed the factors and concluded that prejudice against New outweighed the reasonableness of the delay.

The issue then is whether the Ohio appeals court decision overruling the trial court, based on a purportedly flawed process, now requires habeas relief from this Court.

For the following reasons, I recommend finding that it does not.

The essence of New's argument is that the Ohio appeals court was defective in its reasoning and so this Court cannot credit its finding. Whatever the merit of that position may have as an argument to the Ohio Supreme Court,[56] I recommend finding that it is unpersuasive here.

I am mindful first that a federal habeas court does not function as an alternative state appellate court to review issues of state law.[57] To the extent that a federal habeas

---

[54] 28 U.S.C. § 2254 (h); Rule 8 (c), Rules Governing 2254 Cases.
[55] 28 U.S.C. § 2254 (e) (2).
[56] Indeed, New himself points out that the Ohio Supreme Court "twice declined" to take up this argument. ECF No. 13 at 12.
[57] *Jones v. Hooks*, 2017 WL 4236525, at *10 (N.D. Ohio Aug. 23, 2017) (citation omitted).

petition claims relief on the grounds of a violation of state law, the petition, with limited exceptions, fails to state a claim upon which relief may be granted.[58] A claim for relief based solely on a purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[59]

In this instance, the Ohio appeals court reached its decision to overturn the decision of the trial court by applying the Ohio law of *State v. Luck*.[60] While it is true that *Luck* incorporated the U.S. Supreme Court decisions of *Lovasco* and *U.S. v. Marion*[61] that deal with due process violations in the context of pre-indictment delay into Ohio law, it did so with a key additions, which are solely matters of state law. Whereas the U.S. Supreme Court in *Loasco* and *Marion* determined that a Constitutional Due Process violation arising out of a pre-indictment delay is to be determined by examining the two elements of prejudice to the defendant and reasons for the delay, the United States Supreme Court left "to the lower courts, in the first instance, the task of applying the settled principles of due process that we have discussed to the particular circumstances of individual cases."[62]

Thus, *Luck* – the case the appeals court here relied on - must be understood as stating Ohio law as to when a pre-indictment delay is unjustified and so violates due process. In that regard, *Luck* defines an "unjustified" pre-indictment delay as caused by either: (1) intentional misconduct by the prosecution to gain a tactical advantage over the defendant;

---

[58] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
[59] *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).
[60] 15 Ohio St. 3d 150, 158 (1984).
[61] 404 U.S. 307 (1971).
[62] *Lovasco*, 431 U.S. at 796-97; *Marion*, 404 U.S. at 324-25.

or (2) negligence that resulted in delayed prosecution based on the same evidence that was available when the investigation ceased.[63]

New argued to the Ohio Supreme Court, based on *Luck*, that the State's failure to interview Perry Strader between 1976 and 2010 was negligent and so does not provide a legitimate reason for the delay in prosecuting him.[64] In advancing that argument, New contends now that the trial court's conclusion of "negligence" was factual finding and that the appeals court erred in treating it as a legal conclusion.[65] He also argued to the Ohio Supreme Court that the appeals court erred by not crediting the trial court's conclusion that even if the delay was justified, that justification is outweighed by the prejudice.[66]

New's initial question of defining negligence in the context of Ohio's *Luck* paradigm is manifestly a question of state law, for which state courts are the proper interpreters.[67] Similarly, absent clearly established federal law, it is a matter of Ohio law to interpret *Luck* as requiring a weighing analysis even if neither (1) intentional misconduct nor (2) negligence is established.

On the latter point, as the State here notes, there is an absence of any clearly established holding of the United States Supreme Court as to whether either government negligence in conducting an investigation or intentional misconduct for the purpose of

---

[63] *Luck*, 15 Ohio St.3d at 158.
[64] ECF No. 6 at 185.
[65] *Id*.
[66] *Id*. at 186-87.
[67] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."

12

tactical advantage – or both - is the test for a Constitutional due process violation.[68] Indeed, in the Sixth Circuit, mere negligence on the part of the prosecution cannot be the basis for a Constitutional Due Process violation in the context of a pre-indictment delay.[69] Moreover, in the Sixth Circuit where a habeas petitioner fails to show that a prosecutor delayed prosecution for "illegitimate reasons," it is "unnecessary for a court to determine whether the petitioner [also] satisfies the substantial prejudice requirement."[70]

That said, New cannot show that a determination of negligence in the application of Ohio law is anything but a state law issue left to state courts. He further cannot point to any clearly established federal law that holds that prosecutorial negligence can alone support a Due Process violation in the context of pre-indictment delay, or even that if prosecutorial negligence is not found that substantial prejudice alone can support a Constitutional violation. He also has cited no clearly established federal law that requires a specific test or method for weighing justification for the delay against the prejudice incurred by a delay.

Plainly, where there is no clearly established federal law on the claim presented in the petition, a state court decision on that claim cannot be said to be "contrary to" a non-

---

[68] ECF No. 6 at 21-22 (citing cases).
[69] *Brenson v. Warden*, 2014 WL 897891, at *9 (S.D. Ohio March 6, 2014) (citing cases).
[70] *Id*. (citation omitted).

13

existent holding of the Supreme Court,[71] nor can that state court decision be an "unreasonable application" of such a non-existent Supreme Court decision.[72]

## Conclusion

Therefore, in light of the foregoing, I recommend dismissing the petition as non-cognizable insofar as it alleges that the Ohio appeals court improperly construed and/or applied the Ohio law stated in *Luck*. I further recommend that the petition also be denied on the merits insofar as it alleges that the decision of the Ohio court was either contrary to or an unreasonable application of clearly established federal law pertaining to pre-indictment delay.

IT IS SO RECOMMENDED.

Dated: February 12, 2021           s/William H. Baughman Jr.
                                   United States Magistrate Judge

---

[71] *Woods v. Donald*, 575 U.S. 312, 317 (2015) (*per curiam*).
[72] *Carey v. Musladin*, 549 U.S. 70, 76-77 (2006).

## **Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[73]

---

[73] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).