UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                              :   |                          |
|----------------------------------|--------------------------|
| BOBBIE LEE NEW,              :   | CASE NO. 1:17-cv-02704   |
|                              :   |                          |
|     Petitioner,  :   | ORDER                    |
|                              :   | [Resolving Doc. 1]       |
| vs.                          :   |                          |
|                              :   |                          |
| WARDEN DAVE MARQUIS,         :   |                          |
|                              :   |                          |
|     Respondent.  :   |                          |
|                              :   |                          |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Bobbie Lee New is currently serving a 15-year-to-life sentence in Ohio for the 1976 murder of Dorothy Spencer.[1]

Petitioner filed a 28 U.S.C. § 2254 habeas petition.[2] After briefing, Judge Baughman filed a report and recommendation ("R&R").[3] Petitioner objects to the R&R.[4]

For the following reasons, the Court **ADOPTS** the report and recommendation and **OVERRULES** Petitioner's objections.[5] The Court **DISMISSES** the portions of New's petition that deal with non-cognizable state law issues and **DENIES** New's petition to the extent it alleges that the decision of the Ohio appeals court was contrary to or an unreasonable application of clearly established federal law.

---

[1] Doc. 21 at 1, 3, 5.
[2] Doc. 1.  Petitioner filed supplemental record evidence, as well. Doc. 17.
[3] Doc. 21.
[4] Doc. 23.
[5] Judge Baughman recommended: "For the following reasons I will recommend that New's petition be denied in part on the merits because the decision of the Ohio appeals court was not an unreasonable application of clearly established federal law and also dismissed in part as non-cognizable because his claims involve issues of state law reserved for the state courts."  Doc. 21 at 2.

Case No. 1:17-cv-02704
Gwin, J.

I. Background

Petitioner New seeks habeas relief because, he argues, his indictment and trial 35 years after Dorothy Spencer's murder violated constitutional protections against pre-indictment delay."[6] The State disagrees.[7]

Dorothy Spencer was murdered in 1976. New and Spencer dated, and almost immediately New became a suspect in the murder. The Grand Jury did not return an indictment for the murder in 1976. The reinvestigation of Dorothy Spencer's murder reopened when, in 2010, Petitioner's nephew, who had been a minor in 1976, offered new information that implicated Petitioner New.[8]

The Grand Jury indicted New in 2010, but the trial court dismissed the charge, citing pre-indictment delay. The Ohio appeals court reversed the dismissal and remanded the case.[9]

A jury found New guilty and the trial court sentenced him on March 3, 2015.[10] On direct appeal from the murder conviction, the Ohio appeals court upheld New's conviction and sentence. The Ohio Supreme Court declined jurisdiction and dismissed the appeal.[11]

On December 28, 2017, New petitioned for habeas relief on the ground that the pre-indictment delay violated his Sixth and Fourteenth Amendment rights.[12]

---

[6] *Id.* at 2 (Doc. 1 at 18–19).
[7] Doc. 6.
[8] Doc. 21 at 3.
[9] *Id.* at 4.
[10] *Id.* at 5.
[11] *Id.* at 6–7.
[12] *Id.* at 7. As discussed in the R&R, the Sixth Amendment is not implicated in questions of pre-indictment delay. *U.S. v. Marion*, 404 U.S. 307, 313 (1971).

-2-

Case No. 1:17-cv-02704
Gwin, J.

Judge Baughman's R&R recommends denying New's petition.[13] Judge Baughman found that much of New's claim relied on the Ohio appeals court's interpretation of state law. "A claim for relief based solely on a purported violation of state law is properly dismissed by the federal habeas court as non-cognizable."[14] Further, the R&R explains that New had not shown that the Ohio appeals court contradicted or unreasonably applied federal law.[15]

Petitioner objects to the R&R. He argues that the Ohio trial court's determination on pre-indictment delay should control because the Ohio appeals court—and the R&R—misinterpreted United States Supreme Court precedent.[16] He contends that the Ohio appeals court did not properly weigh the prejudice from pre-indictment delay against the State's reason for delay.[17]

## II. Discussion

### a. Legal Standard

The Federal Magistrates Act requires that a district court conduct a *de novo* review of objected-to portions of a report and recommendation.[18] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[19]

---

[13] Doc. 21 at 2.
[14] *Id.* at 10–12.
[15] *Id.* at 13 ("[New] further cannot point to any clearly established federal law that holds that prosecutorial negligence can alone support a Due Process violation in the context of pre-indictment delay, or even that if prosecutorial negligence is not found that substantial prejudice alone can support a Constitutional violation.").
[16] Doc. 23 at 3.
[17] *Id.*
[18] 28 U.S.C. § 636(b)(1).
[19] *Id.*

-3-

Case No. 1:17-cv-02704
Gwin, J.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court cannot grant a habeas petition for any claim the state court decided on the merits unless the state court's decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[20]

### b. Petitioner's Objections

Petitioner makes two objections: First, New argues that the R&R misinterpreted the United States Supreme Court's decisions in *U.S. v. Marion* and *U.S. v. Lovasco*.[21] Second, New objects that the R&R reached the wrong conclusion because of its faulty *Marion* and *Lovasco* analysis.[22]

At base, Petitioner's contention is that the Ohio appeals court gave insufficient reasons for reversing the Ohio trial court's finding of pre-indictment-delay insurmountable prejudice.[23] New argues that Magistrate Baughman's R&R misinterpreted *Marion*, *Lovasco*, and *Luck*[24] when it found that the Ohio appeals court did not contradict or unreasonably apply federal law. Petitioner says the Ohio trial court's holding of prejudicial pre-indictment delay should control.[25]

As to Petitioner's first objection, the Court is not convinced by Petitioner New's

---

[20] 28 U.S.C. § 2254(d); *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).
[21] Doc. 23 at 7 (discussing *U.S. v. Marion*, 404 U.S. 307 (1971) and *U.S. v. Lovasco*, 431 U.S. 783 (1977)).
[22] Doc. 23 at 9–10.
[23] *Id.*
[24] *State v. Luck*, 472 N.E.2d 1097 (Ohio 1984).
[25] Doc. 23 at 9–10.

Case No. 1:17-cv-02704
Gwin, J.

argument that the R&R "conflate[d] *Lovasco*'s alternative paths to establishing a due process violation."[26] In reality, the R&R explained that the Ohio appeals court followed the state law principles in *Luck*, which incorporated United States Supreme Court precedent from *Lovasco* and *Marion*.[27] The Court agrees with this analysis.

The question in habeas is whether the last reasoned state court opinion on the issue[28]—here the Ohio appellate court decision—was inconsistent with Supreme Court precedent or unreasonably applied federal law.[29] But in this instance, the issue hinges on state law. New cannot use a habeas petition in federal court "as an alternative state appellate court to review issues of state law."[30] Likewise, the Court disagrees with Petitioner that the Ohio court of appeals was constitutionally required to accept the trial court's prejudice weighing finding. The appeals court explained why it reversed the trial court's decision.[31]

The Court agrees with the R&R that the Ohio appellate court relied on state law in

---

[26] *Id*. at 7. Petitioner says:
> In the end, *New I* made the same mistake that the R&R made -- it stopped its due process analysis upon finding that the prosecution was not at fault and ignored its duty under *Marion* and *Lovasco* to weigh the prejudice against the reasons for delay even when the reasons for delay are not due to prosecutorial malfeasance or even negligence.
>
> In light of its refusal to engage in the requisite weighing, this Court should find that the Ninth District Ohio court rendered a decision that was contrary to and an unreasonable application of the clearly established Federal law determined by United States Supreme Court in *Marion* and *Lovasco*.

*Id*. at 11.

[27] Doc. 21 at 11.

[28] *Key v. Rapelje*, 634 Fed. Appx. 141, 146 (6th Cir. 2015) ("Thus, as long as the last reasoned opinion of the state court . . . does not contradict clearly established federal law, habeas relief is inappropriate."); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[29] 28 U.S.C. § 2254(d).

[30] Doc. 21 at 10; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[31] Doc. 21 at 4 (citing Doc. 6 at 4).

-5-

Case No. 1:17-cv-02704
Gwin, J.

*Luck* and that *Luck* does not contradict Supreme Court precedent.[32]

As to Petitioner's second objection, the R&R did not misinterpret Supreme Court precedent to arrive at incorrect conclusions. The Ohio appeals court, relying on state law in *Luck*, held that "the trial court erred in finding that the State did not justify the reason for the 35-year" indictment delay.[33]

Petitioner New seems to argue that federal law required the Ohio court of appeals accept the Ohio trial court's prejudice finding.[34] But the scope of state appellate court review is a matter of state law, not federal law.[35]

Petitioner believes the Ohio appeals court and the R&R did not properly weigh the pre-indictment prejudice against the State's reason for delay.[36] Petitioner has not convinced the Court that the Ohio appeals court contradicted federal law in how it satisfied the prejudice-justification balancing. Petitioner has also not explained why the Ohio trial court's alleged ruling that New faced "unsurmountable prejudice"[37] should control over later state courts' decisions ruling otherwise. As the R&R said, "[t]he essence of New's argument is that the Ohio appeals court was defective in its reasoning and so this Court cannot credit its

---

[32] Doc. 21 at 11–13.

[33] Doc. 6-1 at 151–155; Doc. 21 at 4. Petitioner argues that the Ohio appeals court did not engage in proper weighing analysis prescribed by *Marion* and *Lavasco*. He says,

> the Ninth District Court of Appeals of Ohio never disturbed the trial court's finding that New suffered prejudice and that the prejudice outweighed any reason for delay . . . . Instead *New I* reversed the trial court's dismissal because it found that the trial judge was incorrect that the prosecution should have indicted the case sooner.

Doc. 23 at 10–11.

[34] Doc. 23 at 10.

[35] *See Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[36] Doc. 23 at 11 ("In the end, *New I* made the same mistake that the R&R made—it stopped its due process analysis upon finding that the prosecution was not at fault and ignored its duty under *Marion* and *Lovasco* to weigh the prejudice against the reasons for delay even when the reasons for delay are not due to prosecutorial malfeasance or even negligence.").

[37] Doc. 21 at 7.

-6-

Case No. 1:17-cv-02704
Gwin, J.

finding. Whatever the merit of that position may have as an argument to the Ohio Supreme Court, . . . it is unpersuasive here."[38]

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the report and recommendation and **OVERRULES** Petitioner's objections. The Court **DISMISSES** the portions of New's petition that are non-cognizable issues of state law and **DENIES** New's petition to the extent it alleges that the decision of the Ohio appeals court was contrary to or an unreasonable application of clearly established federal law.

IT IS SO ORDERED.

Dated: March 22, 2021            s/      *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[38] *Id.* at 10.